Filed 8/27/15  P. v. Walker CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042075 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS001841) |
| v. | |
| GEORGE WALKER, | |
| Defendant and Appellant. | |

On September 13, 2000, appellant George Walker plead no contest to one felony count of possession of a controlled substance in jail or prison (Pen. Code, § 4573.6), admitted one strike prior, (Pen. Code, § 1170.12, subd. (c)(2).)[1]  The court imposed the lower term of two-years, which was doubled pursuant to Penal Code section 1170.12, subdivision (c)(2).  The prison sentence was to be served consecutive to the sentence appellant received in Los Angeles County Superior Court Case No. YA034715.  On January 2, 2015, appellant filed a petition for recall of sentence and resentencing pursuant to section 1170.18, subdivision (a), seeking to reduce his conviction to a misdemeanor under Proposition 47.  Appellant in his petition alleged that his conviction was for an eligible offense under section 1170.18, subdivision (a).

---

[1]  Unless otherwise noted, all further statutory references are to the Penal Code

On January 2, 2015, appellant filed a petition for recall of sentence pursuant to section 1170.18 (a), seeking to reduce his conviction to a misdemeanor under Proposition 47. On February 11, 2015, the Monterey County District Attorney filed a response alleging that appellant's conviction was not eligible for resentencing under section 1170.18, subdivision (a). February 17, 2015, the court denied appellant's petition for recall of his sentence, finding that the conviction under section 4573.6 does not qualify for resentencing under section 1170.18.

On March 9, 2015, appellant filed a timely notice of appeal. Also on March 9, 2015, appellant submitted a motion for reconsideration for resentencing pursuant to Proposition 47 and section 1170.18; and notice of court error. The superior court has not ruled on the motion. On April 14, 2015, appellant filed a second notice of appeal, requesting review of the February 17, 2015 denial of his motion for resentencing pursuant to Proposition 47.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on May 7, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On June 2, 2015, we received a supplemental brief from appellant. In his brief, appellant contends that the trial court erred by finding him ineligible for resentencing for his conviction of section 4573.6, a minor drug possession offense. Appellant is mistaken. Proposition 47 modified specific statutes, but not section 4573.6. This section remains a felony.

As nothing in appellant's brief raises an arguable issue on appeal, and we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

2

_____
                   RUSHING, P. J.

WE CONCUR:


_____
   ELIA, J.


_____
   WALSH, J.[*]


*People v. Walker*
**H042075**

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3